United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERWIN B. HARRIS, | No. C 10-2691 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| vs. | |
| GARY SWARTHOUT, Warden, | |
| Respondent. | (Docket No. 2) |

**INTRODUCTION**

Petitioner, a prisoner currently incarcerated in Arizona, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging a conviction obtained in a California state court. He has applied for leave to proceed in forma pauperis.

**STATEMENT**

In 2001, after being convicted in Santa Clara County Superior Court, petitioner was sentenced to a term of twenty-seven years in state prison. The California Court of Appeal affirmed the conviction, and the California Supreme Court denied review.

**ANALYSIS**

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*

*v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that (1) appellate counsel provided ineffective assistance, in violation of petitioner's right to due process, by failing to raise a claim that petitioner's prior conviction for burglary could not be used as a serious felony to enhance his sentence; (2) he received ineffective assistance of counsel at trial because trial counsel failed to raise a hearsay objection to the admission of evidence from petitioner's probation report; and (3) there was a fundamental miscarriage of justice that led to petitioner receiving an invalid sentence from an invalid statute.

Petitioner's third claim is not cognizable because he does not identify the allegedly "invalid" statute or identify the facts that amount to a "fundamental miscarriage of justice."  As such, it is not possible for respondent to respond to this claim.  Moreover, no violation of federal law is alleged with respect to this claim.  Consequently, this claim will be dismissed.

Liberally construed, the first two claims are sufficient to require a response.

## CONCLUSION

1. Petitioner's third claim is **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within ninety days of the

1  issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
2  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on
3  the cognizable claims in the petition, as identified above.  Respondent shall file with the answer
4  and serve on petitioner a copy of all portions of the state trial record that have been transcribed
5  previously and that are relevant to a determination of the issues presented by the petition.

6  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
7  court and serving it on respondent within thirty days of the date the answer is filed.

8  4. Respondent may file, within ninety days, a motion to dismiss on procedural grounds
9  in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
10 Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the
11 court and serve on respondent an opposition or statement of non-opposition within thirty days
12 of the date the motion is filed, and respondent shall file with the court and serve on petitioner a
13 reply within fifteen days of the date any opposition is filed.

14 5. Petitioner is reminded that all communications with the court must be served on
15 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must
16 keep the court informed of any change of address and must comply with the court's orders in a
17 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
18 pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772
19 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

20 6. Petitioner's application to proceed in forma pauperis (Docket No. 2) is **GRANTED** in
21 light of his lack of funds.  Petitioner's motion for appointment of counsel is **DENIED** as no
22 evidentiary hearing is warranted and this case is not particularly complex.  *See* 18 U.S.C. §
23 3006A(a)(2)(B).

24 **IT IS SO ORDERED.**

25 Dated: June __25__, 2010.
26                                                                                    WILLIAM ALSUP
                                                                                     UNITED STATES DISTRICT JUDGE
27

28 G:\PRO-SE\WHA\HC.10\HARRIS2691.OSC.wpd