United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERWIN B. HARRIS, | No. C 10-2691 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO PROCEED** |
| vs. | |
| GARY SWARTHOUT, Warden, | |
| Respondent. | (Docket No. 7) |

**INTRODUCTION**

Petitioner, a California prisoner proceeding pro se, filed this habeas case under 28 U.S.C. 2254.  Respondent was ordered to show cause why the petition should not be granted. Respondent has filed a motion to dismiss on statute of limitations grounds.  Petitioner has filed a traverse and an amended traverse in which he opposes the motion.  For the reasons discussed below, respondent's motion to dismiss is **GRANTED** and petitioner's motion "to proceed" is **DENIED.**

**STATEMENT**

The following facts are not disputed by the parties.  On July 26, 2001, petitioner was sentenced in Santa Clara County Superior Court to a term of 27 years in state prison based upon his conviction for personally using a firearm, assault with a deadly weapon, burglary, attempting to dissuade a witness, and assault with a semiautomatic weapon.  The California Court of Appeal affirmed the conviction and sentence, and his petition for review to the

1    California Supreme Court was denied on March 19, 2003.

2         Petitioner subsequently filed numerous rounds of habeas petitions in the different levels

3    of the California courts. First, he filed a habeas petition in the California Court of Appeal on

4    July 14, 2003, which was denied three days later, and then a petition in the California Supreme

5    Court that was on June 23, 2004. His second round of state habeas petitions began on August

6    13, 2004, when he filed a habeas petition in the superior court. After that petition was denied,

7    he filed additional unsuccessful petitions in both the California Court of Appeal and the

8    California Supreme Court, the latter of which was denied on January 18, 2006. Petitioner then

9    began a third round of state habeas petitions by filing a petition in the superior court on July 11,

10   2006. That petition was also denied and was again followed by petitions in the California Court

11   of Appeal and then the California Supreme Court, the latter of which was denied on June 20,

12   2007. On May 30, 2007, while petitioner's third habeas petition was pending in the supreme

13   court, an additional petition filed by petitioner in the superior court was also denied.

14        Petitioner filed his next state habeas petition on April 24, 2008, in the superior court,

15   and it was denied approximately two weeks later. Over the next eighteen months, petitioner

16   filed four more unsuccessful habeas petitions in the superior court. On December 11, 2009, he

17   filed a habeas petition in the California Supreme Court, that was denied on June 9, 2010. On

18   June 13, 2010, he filed the instant federal petition.

19                                            **ANALYSIS**

20        Respondent contends that the petition is barred by the statute of limitations. The

21   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24,

22   1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas

23   corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state

24   convictions or sentences must file petitions for relief within one year from the date on which the

25   judgment became final by the conclusion of direct review or the expiration of the time for

26   seeking such review. 28 U.S.C. 2244(d)(1)(A).[1]

27

28        [1] In rare instances neither argued in nor applicable to the present case, the limitation period may run
     from a different date. See 28 U.S.C. 2244(d)(1)(B)-(D).

2

*United States District Court*
For the Northern District of California

1    The judgment became "final" under Section 2244(d)(1)(A) by the conclusion of direct

2 review when the time for seeking a writ of certiorari from the United States Supreme Court

3 expired, or 90 days after the California Supreme Court denied the petition for direct review.

4 *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  Ninety days after the California

5 Supreme Court denied the petition for direct review was June 17, 2003, when the limitation

6 period began, giving petitioner until one year later, June 17, 2004, in which to file his federal

7 petition.  Under the "mailbox rule," the instant petition is deemed filed on June 13, 2010, the

8 date it was signed and presumably given to prison authorities for mailing.  *See Houston v. Lack*,

9 487 U.S. 266, 276 (1988).  As the instant petition was not filed until approximately seven years

10 after the one-year limitation period had expired, it is untimely absent sufficient tolling.

11    Petitioner is entitled to some tolling of the limitations period because of his state habeas

12 petitions.  The one-year statute of limitations in AEDPA is tolled under Section 2244(d)(2) for

13 the "'time during which a properly filed application for state post-conviction or other collateral

14 review with respect to the pertinent judgment or claim is pending.'"  *Dictado v. Ducharme*, 244

15 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. 2244(d)(2)).  The limitations period remains

16 tolled during an entire "round" of state habeas petitions, including the reasonable interstitial

17 periods between petitions filed in successively higher state courts as well as the periods when

18 the petitions are actually pending in those state courts.  *See Carey v. Saffold*, 536 U.S. 214, 221-

19 23 (2002).  The limitations period is not tolled, however, during the interval between multiple

20 "rounds" of habeas petitions filed through the successive state courts.  *Gibbs v. Duncan*, 339

21 F.3d 1045, 1048 (9th Cir. 2003).

22    Petitioner is entitled to tolling for the duration of his first round of state habeas petitions,

23 i.e. between July 14, 2003, and June 23, 2004.  When tolling began on July 14, 2003, 27 days of

24 the limitations period had already run.  The statute of limitations ran again for the 50 days

25 between his first and second rounds of state habeas petitions, from June 23, 2004 to August 13,

26 2004.  The statute of limitations was then tolled during the second round of state habeas

27 petitions, or from August 13, 2004, until January 18, 2006, and then ran again for 173 days until

28 the third round of state petitions began on July 11, 2006.  The statute of limitations was then

3

United States District Court
For the Northern District of California

1  tolled for the duration of the third round of state habeas petitions, or until June 20, 2007.  At

2  that point, petitioner had 115 days left of his limitations period, or until October 17, 2007, in

3  which to file his federal habeas petition.  Although he subsequently filed six more state habeas

4  petitions beginning in April 2004, the statute of limitations had already expired six months

5  earlier.  Habeas petitions filed in the state court after AEDPA's statute of limitations has already

6  ended, such as the last six state habeas petitions filed by petitioner, do not toll the limitation

7  period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Thus, the petition is not

8  rendered timely by tolling under Section 2244(d)(2).

9      Petitioner does not dispute any of the foregoing.  He simply states that he needs legal

10  assistance, and that he was "trying to be due diligent" after his attorney failed to raise certain

11  issues on direct appeal (Trav. 2; Amend. Trav. 2-3).  Although not phrased as such, these

12  appear to be arguments for equitabled tolling.  The Supreme Court has determined that

13  AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v.*

14  *Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he

15  shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

16  circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v.*

17  *DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005)).  The prisoner also must show that the

18  extraordinary circumstances "were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d

19  796, 799 (9th Cir. 2003).

20      Petitioner's allegations are not sufficient to warrant equitable tolling.  He does not

21  explain why being "abandoned" by his appellate counsel prevented him from filing his federal

22  petition, which was filed pro se.  It is clear that he was able to obtain the requisite forms for

23  state and federal habeas petitions forms from prison officials, and then to file habeas petitions

24  both in the state and federal courts.  One need not have legal expertise to obtain and fill out

25  form habeas petitions, as evidenced by the pro se habeas petitions that petitioner eventually

26  filed.  A lack of legal expertise, moreover, does not constitute an extraordinary circumstance

27  warranting equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006);

28  *see, e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during

**United States District Court**
For the Northern District of California

1    state habeas proceedings did not justify equitable tolling).  Although petitioner filed an

2    abundance of state habeas petitions, his allegations establish neither that he pursued his *federal*

3    habeas remedies diligently, nor that any extraordinary circumstance prevented him from doing

4    so.  *See e.g. Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's

5    pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate

6    helpers who were transferred or too busy to attend to his petitions are not extraordinary

7    circumstances "given the vicissitudes of prison life").  Similarly, petitioner's appellate

8    attorney's failure to raise any issues on direct appeal does not warrant equitable tolling.  *See*

9    *Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (state-appointed appellate

10   counsel's negligence in failing to perfect direct appeal did not warrant equitable tolling because

11   it did not cause delay in filing of federal petition).

12        Therefore, the petition is not rendered timely by virtue of equitable tolling.

13   Accordingly, the motion to dismiss the petition as untimely will be granted.

14   **CONCLUSION**

15        Respondent's motion to dismiss (document number 7) is **GRANTED**.  The instant

16   petition is **DISMISSED**.

17        Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to

18   rule on whether a petitioner is entitled to a certificate of appealability in the same order in

19   which the petition is denied.  Petitioner has failed to make a substantial showing that a

20   reasonable jurist would find the dismissal of his petition as untimely debatable or wrong.  *Slack*

21   *v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is

22   warranted in this case.

23        The clerk shall enter judgment and close the file.

24        **IT IS SO ORDERED.**

25

Dated: June   9  , 2011.

26   WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

27

28

5

1    G:\PRO-SE\WHA\HC.10\HARRIS2691.MTDSOL.wpd

**United States District Court**
For the Northern District of California

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28